IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHERMAN ANTWAN BROADHEAD,   *
#246842,   *
  *
    Plaintiff,   *
  * CIVIL ACTION NO. 21-00041-JB-B
vs.   *
  *
JUDGE JOHN R. LOCKETT,   *
  *
    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Sherman Antwan Broadhead, an Alabama prison inmate proceeding *pro se,* filed a Complaint under 42 U.S.C. § 1983, as well as a motion to proceed *in forma pauperis*.[1] (Docs. 1, 2). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon review, it is recommended that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED,** and that this action be **DISMISSED without prejudice**, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

---

[1] Plaintiff also filed a "motion" styled a "complaint for action" (Doc. 3), essentially duplicating his complaint. Having found that Plaintiff's complaint is due to be dismissed, this motion is due to be denied as moot.

**I.  Complaint.  (Doc. 1).**

In his complaint, Broadhead sues one defendant, Judge John R. Lockett, alleging that Judge Lockett failed to give him "all [of] [his] jail credit." (Doc. 1 at 4, 7). Broadhead avers that he was arrested on July 18, 2003, on a charge of first degree rape; that he remained in jail until he was released to "Community Correction" on October 1, 2004, pending trial; that he returned to the Mobile County Jail in May 2005 after being arrested on a new charge of possession of marijuana; that he was incarcerated at the Mobile Community Correction Center for eight months; that he went to court on May 10, 2006, and pleaded guilty to the charge of first degree rape; that he received a sentence of twenty-years, split to serve five; that Judge Lockett and the District Attorney agreed that he would get credit for all of his jail time, including the time that he spent at the Community Correction Center and in the Perry County, Hale County, and Bibb County jails; that he was to serve five years of supervised probation upon his release from prison; that he was released on February 26, 2009, but returned to prison on September 6, 2012, after violating the terms of his probation; that he had a probation revocation hearing on December 6, 2012, and pleaded guilty; that Judge Lockett agreed that he would get credit for all of the time that he had been incarcerated in other jails, which totaled thirty months; and that he wrote the

state court requesting credit but still has not received all of his jail credit. (Id. at 4-7). Broadhead's only request for relief in this action is that the Court "make the State give [him] [his] 30-months of . . . jail credit." (Id. at 9).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Broadhead seeks to proceed *in forma pauperis*, the Court is reviewing his complaint under 28 U.S.C. § 1915(e)(2)(B). See Tate v. Nationalist Gov't Sovereign Inhabitants, 2018 U.S. Dist. LEXIS 89154, *22018 WL 3043290, *2 (S.D. Ala. May 25, 2018), *report and recommendation adopted*, 2018 WL 3040898 (S.D. Ala. June 19, 2018)("Since Plaintiff has moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. to § 1915 . . ., the screening provision of Section 1915(e) is applicable."). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C.

---

[2] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

3

§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (second brackets in original). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Iqbal,

556 U.S. 662 (2009).  Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  Iqbal, 566 U.S. at 681.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Discussion.**

**A. Plaintiff's Allegations Are Not Cognizable under § 1983.**

The Supreme Court has held that a civil rights action is the appropriate course of relief for an inmate "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  Preiser v. Rodriguez, 411 U.S. 475, 499–500 (1973).  Indeed, claims such as that made here, challenging the fact of conviction or the duration of the sentence, fall within the "core" of habeas corpus.  Nelson v. Campbell, 541 U.S. 637, 643 (2004)("§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence."); see also Witherspoon v. United States Gov't, 2020 U.S. Dist. LEXIS 189762, *3, 2020 WL 6059851, *2 (S.D. Fla. Oct. 14, 2020)("Plaintiff's claim seeks a speedier relief from his

5

confinement, citing the rescinded jail time credit, and thus is improperly attempting to advance a habeas claim in a section 1983 action.").

Indeed, Broadhead's claim in this case, seeking to "make the State give [him] [his] 30-months of . . . jail credit" (Doc. 1 at 9), directly challenges the duration of his sentence. Therefore, Broadhead's claim is not cognizable under § 1983.

**B. Construing the Complaint as a § 2254 Habeas Petition, it Still Fails.**

Even if the Court were to construe Broadhead's complaint as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, it still should be dismissed. "A federal court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." West v. Alabama, 2017 U.S. Dist. LEXIS 140874, *5, 2017 WL 3836076, *2 (N.D. Ala. Aug. 3, 2017), *report and recommendation adopted*, 2017 WL 3781362 (N.D. Ala. Aug. 31, 2017)(quoting 28 U.S.C. § 2254(a))(internal quotation marks omitted). "Thus, federal habeas relief is available only if the petitioner alleges and proves that his conviction contravenes federal law." Id. (citing Carrizales v. Wainwright, 669 F.2d 1053 (11th Cir. 1983)). "Questions of how a prisoner's time is to be served generally implicate only state

law and do not raise a question of federal constitutional law." Id. (citing Grossnickle v. State of Ala., 415 F.2d 864, 865 (5th Cir. 1969); Patino v. South Dakota, 851 F.2d 1118, 1120 (8th Cir. 1988)(observing, in § 1983 case, "[a]pplication of presentence jail time to a subsequent sentence is legislative grace and not a constitutional guarantee.")).

"[F]ederal district courts in Alabama have found challenges to the calculation of jail credit to be foreclosed as non-cognizable under federal law." Steiger v. Carter, 2020 U.S. Dist. LEXIS 229106, *2, 2020 WL 7211638, *1 (M.D. Ala. Dec. 7, 2020), *certificate of appealability denied*, 2021 WL 123374 (M.D. Ala. Jan. 12, 2021)(citing Gray v. Burton, 2018 WL 835744, *5 (M.D. Ala. 2018), *report and recommendation adopted*, 2018 WL 844400, *1 (M.D. Ala. Feb. 12, 2018); West, 2017 WL 3836076 at *2-3; Dupont v. Jones, 2012 WL 5463834, *2 (M.D. Ala. 2012), *report and recommendation adopted*, 2012 WL 5897124 (M.D. Ala. Nov. 8, 2012); Russaw v. Wheeler-White, 2011 WL 2193376, *4 (M.D. Ala. 2011), *report and recommendation adopted*, 2011 WL 2183577, *1 (M.D. Ala. June 6, 2011)).

Based on the foregoing, the Court finds that Broadhead's jail-credit claim in this action does not present a violation of the federal Constitution and, thus, is not a basis for federal habeas relief. Therefore, it is due to be dismissed. See West, 2017

7

U.S. Dist. LEXIS 140874, 2017 WL 3836076 at *2-3 (dismissing petitioner's jail credit claim as "purely a matter of state law" that "[did] not implicate the Eighth Amendment."); Steiger, 2020 U.S. Dist. LEXIS 229106, 2020 WL 7211638 at *1 ("This court is persuaded by these cases that Steiger's jail-credit claim is not a basis for federal habeas relief.").

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.[3] The undersigned further finds that, because the relief sought in this case (speedier release from prison based on Plaintiff's failure to receive certain state jail credit) does not state a cognizable federal habeas claim or § 1983 claim, leave to amend the complaint would be futile. See Lee v. Alachua Cnty., Fla., 461 Fed. Appx. 859, 860 (11th Cir. 2012)(recognizing that leave to amend a complaint need not be allowed if it is futile, that is, subject to being dismissed or to summary judgment).

---

[3] As noted, based on the Court's finding that Plaintiff's complaint is due to be dismissed, Plaintiff's pending motions (Docs. 2, 3) are likewise due to be denied as moot.

8

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **29th** day of **January, 2021**.

                                              **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**